**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2235**

ROSINA BOAKYE DANQUAH,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 30, 2019                    Decided: September 12, 2019

Before GREGORY, Chief Judge, and DIAZ and QUATTLEBAUM, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Mariam Masumi Daud, JOHNSON & MASUMI, P.C., Vienna, Virginia, for Petitioner. Joseph H. Hunt, Assistant Attorney General, Emily Anne Radford, Assistant Director, Aric A. Anderson, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rosina Boakye Danquah, a native and citizen of Ghana, seeks review of an order of the Board of Immigration Appeals (Board) denying her motion to terminate removal proceedings and her motion to remand. Danquah first claims that the Board erred in denying her motion to terminate removal proceedings, citing *Pereira v. Sessions,* 138 S. Ct. 2105 (2018) and contending that the Immigration Judge lacked jurisdiction because the notice to appear that was filed with the immigration court pursuant to 8 C.F.R. § 1003.14(a) (2019) did not indicate the time and place for her hearing, and therefore the immigration court did not acquire subject matter jurisdiction. *See also* 8 C.F.R. § 1003.13 (2019) (listing a "notice to appear" as one of the charging documents satisfying § 1003.14(a)); 8 U.S.C. § 1229(a)(1)(G)(i) (2012) (listing "[t]he time and place at which [removal] proceedings will be held" as required contents of a "notice to appear").

We recently rejected this same basic claim in *United States v. Cortez,* 930 F.3d 350, 358 (4th Cir. 2019) (holding that the failure of notice to appear to include a date and time for petitioner's removal hearing "does not implicate the immigration court's adjudicatory authority or 'jurisdiction'"). First, we explained, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id.* at 362. Second, the issue of whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b), (c) (2019), which do not mandate inclusion of the hearing date and

time. *Cortez*, 930 F.3d at 363-64.[1] The notice filed with the immigration court in Danquah's case conformed to that regulatory definition. Accordingly, Danquah's claim is without merit. Danquah also contends that the Board should have granted her motion to remand so that she may seek the relief of cancellation of removal. Upon review, we conclude that the Board did not abuse its discretion in declining to remand where Danquah failed to establish a prima facie case for relief. *See Obioha v. Gonzales*, 431 F.3d 400, 408 (4th Cir. 2005); 8 C.F.R. § 1003.2(a), (c)(1) (2019).

Accordingly, we deny the petition for review for the reasons stated by the Board.[2] *In re Danquah* (B.I.A. Sept. 20, 2018). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[1] The statutory provision on which Danquah relies, 8 U.S.C. § 1229(a), is concerned with the different issue of notice to noncitizens and has no bearing on whether a notice filed with an immigration court properly commences proceedings under 8 C.F.R. § 1003.14(a). *Cortez*, 930 F.3d at 363-66.

[2] Danquah's claim that the Board should have reopened her case sua sponte is misplaced and unexhausted, where she did not request sua sponte reopening before the Board. In any event, this court generally lacks jurisdiction to review how the agency exercises its sua sponte discretion. *See Lawrence v. Lynch*, 826 F.3d 198, 206 (4th Cir. 2017); *Mosere v. Mukasey*, 552 F.3d 397, 400-01 (4th Cir. 2009).